| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br>DENISE CARLON, ESQUIRE<br>KML LAW GROUP, P.C.<br>701 Market Street, Suite 5000<br>Philadelphia, PA 19106<br>(215)627-1322<br>dcarlon@kmllawgroup.com<br>Attorneys for Secured Creditor<br>U.S. Bank N.A., as trustee, on behalf of the holders, of the J.P. Morgan Mortgage Acquisition Trust 2006-WMC4 Asset Backed Pass-Through Certificates, Series 2006-WMC4 | <br><br>**Order Filed on July 27, 2022<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In Re:<br><br>Nestor W. Robles<br><br>Debtor. | Case No.: 22-13800 JKS<br>Adv. No.:<br>Hearing Date: 7/14/2022 @ 8:30 a.m.<br><br>Judge: John K. Sherwood |

### ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN

The relief set forth on the following page is hereby **ORDERED**

**DATED: July 27, 2022**

_/s/ John K. Sherwood_
Honorable John K. Sherwood
United States Bankruptcy Court

Page 2
Debtor: Nestor W. Robles
Case No.: 22-13800 JKS
Caption: **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN**

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor, U.S. Bank N.A., as trustee, on behalf of the holders, of the J.P. Morgan Mortgage Acquisition Trust 2006-WMC4 Asset Backed Pass-Through Certificates, Series 2006-WMC4, holder of a mortgage on real property located at 6117 Tyler Place, West New York, NJ, 07093, Denise Carlon appearing, by way of objection to the confirmation of Debtor's Chapter 13 Plan, and this Court having considered the representations of attorneys for Secured Creditor and Jamal J. Romero, Esquire, attorney for Debtor, Nestor W. Robles, and the parties, through their counsel, having agreed to the provisions and language herein:

It **ORDERED, ADJUDGED and DECREED** that Debtor shall obtain a loan modification by October 31, 2022, or as may be extended by an application to extend the loss mitigation period; and

It **ORDERED, ADJUDGED and DECREED** the Secured Creditor does not waive its right to object to requests for an extension of the loss mitigation period or to request termination of the same; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Debtor is to make regular post-petition payments in accordance with the terms of the note and mortgage while the loss mitigation order while the loss mitigation period is active; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that the Trustee is to pay the arrears per the plan while the loan modification is pending; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** the Secured Creditor does not waive its rights to the pre-petition arrears or the difference between the regular post-petition payment and the loss mitigation payment, or any other post-petition arrears that may accrue; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that if the loan modification is not successful, Debtor shall modify the plan to otherwise address Secured Creditor's claim; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor's objection to confirmation is hereby resolved.